**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **MEMORIAL HOSPITAL AND HEALTH CARE CENTER,** ) ) ) | |
|     **Plaintiff,** ) ) | **CASE NO.** <u> 3:18-cv-225          </u> |
| **v.** ) ) | |
| **HOUSTON INTERNATIONAL INSURANCE GROUP, HIIG ACCIDENT & HEALTH, GREAT MIDWEST INSURANCE COMPANY, and WEBTPA,** ) ) ) ) ) | |
|     **Defendants.** | |

<u>**NOTICE OF REMOVAL**</u>

Defendants Houston International Insurance Group ("HIIG"), HIIG Accident & Health ("HIIG AH"),[1] and Great Midwest Insurance Company ("Great Midwest") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, and would show the Court as follows:

I.        <u>**COMMENCEMENT AND SERVICE**</u>

1.      On October 29, 2018, Plaintiff Memorial Hospital and Health Care Center ("Plaintiff") commenced this action against HIIG, HIIG AH, Great Midwest and WebTPA by filing Plaintiff's Complaint for Breach of Contract in the Circuit Court of Dubois County, Indiana, styled Cause No. 19C01-1810-PL-000730, *Memorial Hospital and Health Care Center v. Houston International Insurance Group, HIIG Accident & Health, Great Midwest Insurance Company and WebTPA*. *See* Exhibit 9, Plaintiff's Complaint for Breach of Contract.

---

[1]   HIIG AH is a division of Great Midwest, does not exist as an independent entity and, therefore, is not a proper defendant in this matter.

2.     HIIG was allegedly served with service of process and Plaintiff's Complaint for Breach of Contract through its designated agent for service, via certified mail, on November 2, 2018.  *See* Exhibit 13, Return of Service for HIIG.

3.     HIIG AH was allegedly served with service of process and Plaintiff's Complaint for Breach of Contract through its designated agent for service, via certified mail, on November 2, 2018.  *See* Exhibit 11, Return of Service for HIIG AH.

4.     Great Midwest was allegedly served with service of process and Plaintiff's Complaint for Breach of Contract through its designated agent for service, via certified mail, on November 2, 2018.  *See* Exhibit 12, Return of Service for Great Midwest.

5.     WebTPA was allegedly served with service of process and Plaintiff's Complaint for Breach of Contract through its designated agent for service, via certified mail, on November 5, 2018.  *See* Exhibit 14, Return of Service for WebTPA.

6.     This Notice of Removal is timely filed within thirty days of the receipt, through service or otherwise, of a copy of the initial pleading pursuant to 28 U.S.C. § 1446(b)(1).[2]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.     GROUNDS FOR REMOVAL

7.     Defendants are entitled to remove the entire state court matter to this Court pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."

---

[2]     Defendants do not concede that proper service of process was effectuated.  Nevertheless, this removal is timely filed based on the alleged service dates as reflected in the returns of service attached hereto.

8.      Removal of the entire state court matter to this Court is also proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court's district and division embraces the pending state court action in the Circuit Court of Dubois County, Indiana.

9.      Because the parties are completely diverse and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a), Defendant is entitled to remove Plaintiff's Complaint to this Court pursuant to 28 U.S.C. § 1441.

A.      **The Parties are Completely Diverse**

10.     This is an action with complete diversity of citizenship between Plaintiff and Defendants.

11.     Plaintiff is an Indiana nonprofit corporation with its principal place of business in the state of Indiana.  *See* Exhibit 9 ¶ 1.  Plaintiff is therefore a citizen of Indiana within the meaning and intent of 28 U.S.C. § 1332.

12.     HIIG is incorporated in the State of Texas and has its principal place of business Texas. Houston International Insurance Group is therefore a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

13.     HIIG AH is a division of Great Midwest and does not exist as a separate entity. Nevertheless, per the following paragraph, Great Midwest is incorporated in the State of Texas and has its principal place of business in Texas. HIIG AH is therefore a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

14.     Great Midwest is incorporated in the State of Texas and has its principal place of business in Texas. Great Midwest Insurance Company is therefore a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

15.     WebTPA is incorporated in the State of Texas and has its principal place of business in Texas. WebTPA is therefore a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

16.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

**B.     Amount in Controversy Exceeds $75,000**

17.     According to the Complaint, Plaintiff seeks monetary relief over $1,000,000.  *See* Exhibit 9 ¶¶ 17, 19, 24.  Therefore, Plaintiff's Complaint establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

### III.     VENUE

18.     Venue lies in the United States District Court for the Southern District of Indiana, Evansville Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

### IV.     CONSENT TO REMOVAL

19.      All defendants join in and consent to this removal.

### V.     NOTICE

20.     Defendants will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d).

21.     Defendants will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

### VI.     JURY DEMAND

22.     Plaintiff filed a demand for a jury trial in the state court action.

## VII.   STATE COURT FILINGS

23.   Copies of all state court filings and orders are attached to this Notice of Removal:

| | |
|---|---|
| Exhibit 1: | Index of Matters Being Filed; |
| Exhibit 2: | Civil Docket Sheet from the Circuit Court of Dubois County, Indiana; |
| Exhibit 3: | Appearance of Plaintiff's Counsel; |
| Exhibit 4: | Plaintiff's Request for Jury Trial; |
| Exhibit 5: | Summons Issued for Defendant Houston International Insurance Group; |
| Exhibit 6: | Summons Issued for Defendant HIIG Accident & Health; |
| Exhibit 7: | Summons Issued for Defendant Great Midwest Insurance Company; |
| Exhibit 8: | Summons Issued for Defendant WebTPA; |
| Exhibit 9: | Plaintiff's Complaint for Breach of Contract; |
| Exhibit 10: | Plaintiff's Notice of Filing of Exhibits to Plaintiff's Complaint; |
| Exhibit 11: | Return of Service of Summons for Defendant HIIG Accident & Health; |
| Exhibit 12: | Return of Service of Summons for Defendant Great Midwest Insurance Company; |
| Exhibit 13: | Return of Service of Summons for Defendant Houston International Insurance Group; |
| Exhibit 14: | Return of Service of Summons for Defendant WebTPA; |
| Exhibit 15: | Appearance of Sally F. Zweig and Kristopher N. Kazmierczak for Defendants Houston International Insurance Group, HIIG Accident & Health, and Great Midwest Insurance Company; and |
| Exhibit 16: | Defendants Houston International Insurance Group, HIIG Accident & Health, and Great Midwest Insurance Company's Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint |

## VIII.    CONCLUSION

WHEREFORE, Defendants Houston International Insurance Group, HIIG Accident & Health, and Great Midwest Insurance Company, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, remove this action from the Circuit Court of Dubois County, Indiana, to this Court.

Dated: November 29, 2018.

Respectfully submitted,

By:  */s/ Kristopher N. Kazmierczak*
Sally Franklin Zweig, No. 11367-49
Kristopher N. Kazmierczak, No.  19430-49
KATZ KORIN CUNNINGHAM, PC
334 North Senate Avenue
Indianapolis, Indiana  46204
Office: (317) 464-1100
Fax: (317) 464-1111
szweig@kkclegal.com
kkaz@kkclegal.com

Thomas F. A. Hetherington
Texas Bar No. 24007359
Blaire B. Johnson*
Texas Bar No. 24064968
Jennifer H. Frank
Texas Bar No. 24087537

MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 337-5580
Facsimile:  (713) 337-8850
Email:  Tom.Hetherington@emhllp.com
Email:  Blaire.Johnson@emhllp.com

*Pro Hac Vice Forthcoming*

**ATTORNEYS FOR DEFENDANTS HOUSTON INTERNATIONAL INSURANCE GROUP, HIIG ACCIDENT & HEALTH, AND GREAT MIDWEST INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on November 29, 2018, on the following counsel of record by certified mail, return receipt requested:

N. Kent Smith
Andrew B. Howk
Hall, Render, Killian, Heath & Lyman, P.C.
500 North Meridian Street, Suite 400
Indianapolis, Indiana 46204-1293


*/s/ Kristopher N. Kazmierczak*
Kristopher N. Kazmierczak




KATZ KORIN CUNNINGHAM, PC
334 North Senate Avenue
Indianapolis, Indiana  46204
Office: (317) 464-1100
Fax: (317) 464-1111
szweig@kkclegal.com
kkaz@kkclegal.com