**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF INDIANA EVANSVILLE DIVISION**

| | |
|---|---|
| MEMORIAL HOSPITAL AND HEALTH CARE CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.  3:18-cv-00225-RLY-MPB ) ) |
| HOUSTON INTERNATIONAL INSURANCE GROUP, HIIG ACCIDENT & HEALTH, GREAT MIDWEST INSURANCE COMPANY, and WEBTPA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## WebTPA Employer Services, LLC's Motion To Dismiss Complaint

Defendant, WebTPA Employer Services, LLC ("Defendant WebTPA"), by counsel, and pursuant to FED. R. CIV. P. 12(b)(6), files this, its, "Defendant WebTPA Employer Services, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (the "Motion to Dismiss").  As grounds for the Court to grant the Motion to Dismiss, Defendant WebTPA states:

1. Plaintiff, Memorial Hospital and Health Care Center ("Plaintiff") filed its "Complaint for Breach of Contract" ("Complaint") October 29, 2018 in the Dubois County, Indiana Circuit Court, Case No. 19C01-1810-PL-000730.

2. On November 30, 2018, Defendants Houston International Insurance Group ("HIIG"), HIIG Accident & Health ("HIIG AH"), and Great Midwest

Insurance Company ("Great Midwest"; collectively, "Defendants") filed a "Notice of Removal" pursuant to 28 U.S.C. §§ 1441 and 1446. By the "Notice of Removal", Defendants removed this case to the United States District Court for the Southern District of Indiana, Evansville Division.  To date, Plaintiff has not filed papers to address Defendants' "Notice of Removal."

3.      Plaintiff's case is based upon alleged insurance benefits due under an insurance policy – an insurance claim. Plaintiff alleges breach of an insurance contract issued by Defendants for [excess] medical stop loss benefits. "Stop loss" insurance allows self-funded or self-insured employers, such as Plaintiff, that sponsor employee welfare benefit plans subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1103(1) ( "ERISA"), to control the cost of high dollar medical claims.

4.      "Stop loss" insurance allows Plaintiff to control costs of its ERISA employee welfare benefit plan (the "Plan") by reimbursing Plaintiff for eligible medical expenses incurred on behalf of Plan participants above a certain dollar-threshold.

5.      Plaintiff entered into an "Administrative Services Agreement" ("ASA") with Defendant WebTPA.  Plaintiff alleges a single, yet unspecified breach of the ASA as the basis to recover damages against Defendant WebTPA.

6.      Pursuant to the ASA, Defendant WebTPA performed certain ministerial, administrative functions related to Plan participants: (i) eligibility; (ii) benefit determination according to the Plan Document (as defined by ERISA); (iii)

claim payment and notification; (iv) subrogation and coordination of benefits; (v) Plan records; and (vi) customer service needs.

7. In the Complaint, Plaintiff alleges Defendant, "WebTPA breached the terms of the ASA by failing to properly carry out its obligations and duties under the Agreement." *See* Complaint, ¶34. (Dkt. #1, Doc. 1-1, p. 28) Plaintiff further alleges, "As a result of the breach, the Hospital has sustained damages and losses in an amount to be proven at trial." *Id.*, ¶35. (Dkt. #1, Id.)

8. The only damages Plaintiff seeks in its Complaint arise from the alleged insufficiently-reimbursed medical expense claims under Plaintiff's medical stop loss policy issued by Defendants.

9. Notably relevant to Plaintiff's allegations to recover medical stop loss insurance policy proceeds, the ASA states in Section 2.7c), ***"Under no circumstances is WEB-TPA financially or otherwise responsible for the payment or denial of a stop loss claim."*** *Emphasis added.* (Dkt #1, Doc. 1-2, p. 14)

10. Plaintiff's only theory of damages is based upon Defendants' failure to reimburse Plaintiff certain money due under its medical stop loss insurance policy.

11. Plaintiff's breach of contract claim against Defendant WebTPA allegedly caused Plaintiff to receive inadequate reimbursements under Great Western's medical stop loss policy issued to Plaintiff.

12. Plaintiff's allegations against Defendant WebTPA are based upon alleged breach of the ASA which conclusively negates Defendant WebTPA having any financial or other responsibility for insufficient stop loss reimbursements to Plaintiff.

13. Accordingly, Plaintiff's Complaint against Defendant WebTPA fails to state a claim for breach of the ASA resulting in insufficiently-reimbursed medical stop loss claims because Plaintiff agreed in the ASA that Defendant WebTPA could not have any financial or other responsibility for the payment or denial of stop loss claims.

WHEREFORE, Defendant WebTPA prays this Honorable Court grant the Motion to Dismiss.

Respectfully submitted,

/s/Mark M. Holdridge
Theodore J. Blanford, #4177-49
Mark M. Holdridge, #26413-49
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana  46204
Telephone:  (317) 632-4402
Facsimile:  (317) 632-5595
tblanford@humesmith.com
mholdridge@humesmith.com

Attorneys for WebTPA

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court. I further certify that I E-served using the E-file system the following:

N. Kent Smith
Andrew B. Howk
HALL RENDER KILLIAN HEATH
& LYMAN, P.C.
500 North Meridian Street, Suite 400
Indianapolis, Indiana  46204
ksmith@hallrender.com
ahowk@hallrender.com
Attorneys for Plaintiff

Kristopher N. Kazmierczak
Sally F. Zweig
KATZ KORIN CUNNINGHAM, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204
kkaz@kkclegal.com
szweig@kkclegal.com

Thomas F. A. Hetherington, Texas Bar No. 24007359
Blaire B. Johnson, Texas Bar No. 24064968
Jennifer H. Frank, Texas Bar No. 24087537
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Tom.Hetherington@emhllp.com
Blaire.Johnson@emhllp.com
Jennifer.frank@emhllp.com
Attorneys for Houston International Insurance Group

       /s/Mark M. Holdridge
       Mark M. Holdridge